811 F.2d 607
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
DAVID CLEMENTS CO., INC., Respondent.
 No. 86-6002.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1986.
 
 Before ENGEL, KRUPANSKY and RYAN, Circuit Judges.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, David Clements Co., Inc., its officers, agents, successors, and assigns, enforcing its order dated 31 January 1986, in Case Nos. 7-CA-24628 and 7-CA-24847, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, David Clements Co., Inc., its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 4
 (a) Telling employees that picketing employees no longer have jobs with Respondent.
 
 
 5
 (b) Threatening employees that because of employee efforts to organize a union, Respondent intends to henceforth run its facility "like a big company."
 
 
 6
 (c) Initiating employee work rules or disciplinary systems, or increasing production standards, in retaliation for employee organizational efforts on behalf of Chicago & Central States Joint Board, Amalgamated Clothing and Textile Workers Union, AFL-CIO, or any other labor organization.
 
 
 7
 (d) Reprimanding, suspending, discharging, or disciplining employees, initiating work rules or disciplinary systems, increasing production standards, or otherwise discriminating with regard to employees' hire or tenure of employment or any term or condition of employment, to discourage membership in the Amalgamated or any other labor organization.
 
 
 8
 (e) Refusing to bargain collectively concerning rates of pay, wages, hours, and other terms and conditions of employment with the Amalgamated as the exclusive bargaining representative of Respondent's employees in the following appropriate unit:
 
 
 9
 All full-time and regular part-time production and maintenance employees including shipping and receiving employees and truck drivers employed by Respondent at its 3777 Bellevue, Detroit, Michigan, facility, but excluding all office employees, confidential employees, professional employees, guards and supervisors as defined in the Act.
 
 
 10
 (f) In any like or related manner interfering with, restraining, or coercing employees in the exercise of their rights under the National Labor Relations Act (hereinafter called the Act).
 
 
 11
 2. Take the following affirmative action designed to effectuate the policies of the Act:
 
 
 12
 (a) Rescind and cease giving effect to the following: (1) the rule requiring employees to punch in and out if they leave the building for lunch; (2) the rules which require production employees to punch in at the beginning of their shift, and forbid them to quit before the end of their shift even after completing their production standards; (3) the rule which forbids employees to leave their work areas (except to use the restroom) without permission from their supervisors; (4) the rule which forbids employees to bring radios into the plant; (5) the rule which forbids smoking in the plant or work areas, except in the lunch room; (6) the rule which requires employees to wear safety glasses when inside the plant, except to the extent that this rule may duplicate any directive issued to Respondent by the Occupational Health and Safety Administration; (7) the production standard which requires, on pain of possible discharge, an average of 100 large frames a day over a 3-day period; and (8) the progressive disciplinary systems for returning late from lunch, or for being late or absent without a written excuse from the company office or a doctor.
 
 
 13
 (b) Offer employee Peter Bible, and any other employees separated pursuant to the unlawfully instituted rules, disciplinary systems, or production standards, reinstatement to the job from which the employee in question was suspended or otherwise separated, or, if such a job no longer exists, a substantially equivalent job, without prejudice to his seniority or any other rights and privileges previously enjoyed.
 
 
 14
 (c) Make Peter Bible, Donald Jones, Darnell Spencer, Jerome Comage, and any other employee who has been adversely affected by the unlawfully instituted rules, disciplinary systems, or production standard, whole for any loss of pay they may have suffered by reason of such rules, disciplinary systems, or production standard, in conformity with the section of the Administrative Law Judge's Decision entitled "The Remedy."
 
 
 15
 (d) Expunge from its files any reference to the discipline, suspension, or separation of Bible, Spencer, Donald Jones, Jerome Comage, Terry Comage, and any other employee pursuant to the unlawfully instituted rules, disciplinary systems, and production standard; and notify the employees affected that this has been done and that the evidence thus expunged will not be used as a basis for future personnel action against them.
 
 
 16
 (e) Upon request, bargain collectively in good faith concerning wages, hours, and other terms and conditions of employment with the Amalgamated as the exclusive representative of all the employees in the appropriate unit, and embody in a signed agreement any agreement reached. Regard the Amalgamated as exclusive agent as if the certification has been extended for an additional year from the commencement of bargaining pursuant hereto.
 
 
 17
 (f) Preserve and, upon request, make available to the Board or its agents, for examination and copying, all payroll records, social security records, timecards, personnel records and reports, and all other records necessary or useful for analyzing and computing the amount of backpay due under the terms of this Judgment.
 
 
 18
 (g) Post at its Detroit, Michigan, facilities copies (in English and in the native language of Respondent's Yugoslavian employees) of the attached notice marked "Appendix." Copies of said notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being duly signed by Respondent's representative, shall be posted by it immediately upon receipt thereof and be maintained by it for 60 consecutive days thereafter, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by Respondent to insure that said notices are not altered, defaced, or covered by any other material.
 
 
 19
 (h) Notify the said Regional Director in writing, within 20 days from the date of this Judgment, what steps have been taken to comply herewith.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 20
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 21
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 22
 After a hearing at which all sides had an opportunity to present evidence and state their positions, the National Labor Relations Board found that we have violated the National Labor Relations Act, as amended, and has ordered us to post this notice.
 
 
 23
 The Act give employees the following rights:
 
 
 24
 To engage in self-organization.
 
 
 25
 To form, join, or assist any union.
 
 
 26
 To bargain collectively through representatives of their own choice.
 
 
 27
 To engage in activities together for the purpose of collective bargaining or other mutual aid or protection.
 
 
 28
 To refrain from any or all such activities, except to the extent that the employees may be covered by a lawful collective-bargaining agreement which requires them to join a union in order to keep their jobs.
 
 
 29
 WE WILL NOT tell you that picketing employees no longer have jobs with us.
 
 
 30
 WE WILL NOT threaten you that because of your attempts to organize a union, we will henceforth run our facility "like a big company."
 
 
 31
 WE WILL NOT initiate employee work rules or disciplinary systems, or increase production standards, in retaliation for employee organizational efforts on behalf of Chicago and Central States Joint Board, Amalgamated Clothing and Textile Workers Union, AFL-CIO, or any other union.
 
 
 32
 WE WILL NOT reprimand, suspend, discharge, or discipline you, initiate work rules or disciplinary systems, increase your production standards, or otherwise discriminate with regard to your hire or tenure of employment or any term or condition of employment, to discourage membership in the Amalgamated or any other union.
 
 
 33
 WE WILL NOT refuse to bargain collectively concerning rates of pay, wages, hours, and other terms and conditions of employment with the Amalgamated as the exclusive bargaining representative of our employees in the following appropriate unit:
 
 
 34
 All full-time and regular part-time production and maintenance employees including shipping and receiving employees and truck drivers employed by us at our 3777 Bellevue, Detroit, Michigan, facility, but excluding all office clerical employees, confidential employees, professional employees, guards and supervisors as defined in the Act.
 
 
 35
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of your rights under the Act.
 
 
 36
 WE WILL rescind and cease giving effect to the following:
 
 
 37
 1. The rule which requires you to punch in and out if you leave the building for lunch.
 
 
 38
 2. The rules which require production employees to punch in at the beginning of their shift, and forbid them to quit before the end of their shift even after completing their production standards.
 
 
 39
 3. The rule which forbids you to leave your work areas (except to use the restroom) without permission from your supervisors.
 
 
 40
 4. The rule which forbids you to bring radios into the plant.
 
 
 41
 5. The rule which forbids smoking in the plant or work areas, except in the lunch room.
 
 
 42
 6. The rule which requires you to wear safety glasses when inside the plant, except to the extent that this rule may duplicate a directive issued to us by the Occupational Safety and Health Administration.
 
 
 43
 7. The production standard which requires, on pain of possible discharge, an average of 100 large frames a day over a 3-day period.
 
 
 44
 8. The progressive disciplinary systems for returning late from lunch, or for being late or absent without a written excuse from the company office or a doctor.
 
 
 45
 WE WILL offer Peter Bible, and any other employee separated pursuant to the unlawfully instituted rules, disciplinary systems, or production standards, reinstatement to the job from which the employee in question was suspended or otherwise separated, or, if such a job no longer exists, a substantially equivalent job, without prejudice to his seniority or any other rights and privileges previously enjoyed.
 
 
 46
 WE WILL make Peter Bible, Donald Jones, Darnell Spencer, Jerome Comage, and any other employee who has been adversely affected by reason of the unlawfully instituted rules, disciplinary systems, or production standard, whole, with interest, for any loss of pay they may have suffered by reason of such rules, disciplinary systems, or production standard.
 
 
 47
 WE WILL expunge from our files any reference to the discipline, suspension, or separation of Peter Bible, Donald Jones, Darnell Spencer, Jerome Comage, Terry Comage, and any other employee pursuant to the unlawfully instituted rules, disciplinary systems, and production standard; and notify the employees affected that this has been done and that the evidence thus expunged will not be used as a basis for future personnel action against them.
 
 
 48
 WE WILL, upon request, bargain collectively in good faith concerning wages, hours, and other terms and conditions of employment with the Amalgamated as the exclusive representative of all our employees in the above-described unit, and embody in a signed agreement any agreement reached.
 
 
 49
 David Clements Co., Inc.
 
 
 50
 (Employer)
 
 Dated
 By (Representative)
 
 51
 (Title)
 
 
 52
 This is an official notice and must not be defaced by anyone.
 
 
 53
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Patrick V. McNamara Building, Room 300, 477 Michigan Avenue, Detroit, Michigan 48225, Telephone No. (313) 226-3244.